# Reilly's Estate.

*Executors—Accounts—Sale of assets for less than real value— Surcharge.*

An executor who sells a large quantity of whiskey and gin belonging to the estate of his decedent for a sum less than its real value, of which he had the special knowledge, will be surcharged with the difference between its value and the amount at which he sold it, less the difference between the price he received and the appraised value.

In such case, the contention that the executor sold the liquors at a reduced price in order to effect the sale of the decedent's license at a more favorable figure, and that he believed he was acting for the best interests of the estate, was a matter for the determination of the auditing judge, after the consideration of the oral evidence.

178, (1921).]      Syllabus—Opinion of the Court.

The credibility of the witnesses was for the court below and its findings of fact will be affirmed, where there was sufficient evidence to sustain them.

Submitted December 16, 1920.   Appeal, No. 184, Oct. T., 1920, by Joseph McGarrity, executor, from decree of O. C. Phila. Co., April T., 1919, No. 534, dismissing exceptions to adjudication in the estate of Frank Reilly, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Exceptions to adjudication.   Before LAMORELLE, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions.   Exceptant appealed.

*Error assigned,* among others, was the decree of the court dismissing exceptions.

*James F. Boylan* and *John P. Connelly,* for appellant, cited: Moore's App., 10 Barr 435; Springer's Est., 51 Pa. 342; Dundas's App., 64 Pa. 325; Chambersburg Saving Fund Association's App., 76 Pa. 203; Stewart's App., 110 Pa. 410; Merkel's Est., 131 Pa. 584; Semple's Est., 189 Pa. 385.

*James E. Daly* and *John R. Umsted,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The appellant is the executor of the will of Frank Reilly, deceased, and appeals from the decree of the court sustaining exceptions to his account and imposing upon him a surcharge.   The assignments of error relate entirely to findings of fact by the judge of the court below.   The findings of fact by the auditing judge were sustained by competent evidence and we find in them nothing so clearly erroneous as to warrant a reversal of the decree.

The auditing judge found that the appellant had not properly discharged his duties with regard to the appraisement of the personal property of the decedent; that the appraisers had, in December, 1917, appraised a large quantity of whiskey at $2.60 per gallon, the appraisers understanding that the tax on the whiskey had not been paid, whereas there had been actually paid upon the whiskey tax to the amount of $3.35 per gallon; that having thus failed to discharge his duty with regard to the appraisement he sold the liquors which had been appraised at $1,395.56 for the sum of $1,500; that the accountant knew that the whiskey which was appraised at $2.60 per gallon was at that time worth in the market more than $4.75 per gallon, and that the accountant, who was himself a wholesale liquor dealer, was at that time selling whiskey of the same quality for $4.75 per gallon. The auditing judge found that the accountant should be surcharged with the difference between $2.60 and $4.75 per gallon upon the whiskey, less the difference between $1,500, the price at which he sold it, and $1,395.56, the amount of the appraisement, at the rate of $2.60 per gallon. The facts so found were abundantly sustained by competent evidence. The explanation offered by the appellant was, not that he did not know that the whiskey was worth more than $2.60 per gallon and could be sold for $4.75, but that he sold the liquors at a sacrifice in order to induce the purchaser to buy, at a price advantageous to the estate, the liquor license and the lease of the premises in which the decedent had carried on business. He asserted that he had thus secured for the estate a larger sum in the aggregate than could otherwise have been realized; that the purchaser of the license, leasehold and fixtures had refused to pay more than $14,500 until he had offered to sell the liquors for $1,500, upon condition that she pay $16,000 for the license, leasehold and fixtures, and that the purchaser had accepted this proposition. The testimony of the appellant was, upon this

point, to some extent corroborated by the purchaser. The agreement for the sale of the license, leasehold and fixtures was in writing and contained nothing which in any way related to the sale of the liquors. The accountant was by the evidence conclusively shown to have sold the liquors for much less than could have been realized from the sale as an independent transaction. Whether this was a mere part of a transaction, which, upon the whole, the accountant in good faith believed to be for the best interests of the estate, was a matter which the court below had to determine from a consideration of oral evidence. The credibility of the witnesses was for the court below.

The decree is affirmed and the appeal dismissed at cost of the appellant.